**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


SH.A., as Parent and Next Friend of J.A.,
a minor child, and S.A., as Parent
and Next Friend of R.A., a minor child,

          Plaintiffs,

vs.                                                                          No.  CV 00-727 JP/DJS-ACE

TUCUMCARI MUNICIPAL SCHOOLS,
THE BOARD OF EDUCATION OF THE
TUCUMCARI MUNICIPAL SCHOOLS,
FELIX R. JIMENEZ, Superintendent of
The Board of Education of the Tucumcari
Municipal Schools, EDWARD ENCINIAS,
KELLY McFARLAND, JOAN DENTON,
REX KIRKSEY and MARCELLO VALVERDE,
in their capacity as members of the Board of
Education of the Tucumcari Municipal Schools,
ERNEST F. DOMINGUEZ, and ALLIE PELAYO,
Individually and as Principal of Granger Elementary
School,

          Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**

On June 22, 2001 Plaintiffs filed a Motion to Amend Complaint (Doc. No. 87).  After

carefully considering the pleadings, arguments of counsel, and applicable case law, I find that the

motion is not well-taken and should be DENIED.

Plaintiffs' complaint alleges common law and civil rights violations arising out of the

alleged sexual molestation of two students, J.A. and R.A., at Granger Elementary School in the

Tucumcari Municipal School system, by a teacher, Ernest F. Dominguez.  Defendants include

Dominguez, the Tucumcari Municipal Schools and its Board of Education, two school administrators, and the Board members.

Plaintiffs seek to amend their Complaint to include two additional counts, one for spoliation of evidence, and one for injunctive relief.  Leave to amend should be freely granted when justice so requires.  Fed. R. Civ. P. 15(a).

*Spoliation Claim.*  Plaintiffs seek to add the tort of negligent or intentional spoliation of evidence in Count VIII of their proposed Second Amended Complaint.  They allege that Granger Elementary School Principal Allie Pelayo intentionally destroyed all of her notes regarding complaints and investigations about Defendant Dominguez improperly touching students.  They further allege that the documents were destroyed with the knowledge that a lawsuit over these incidents was likely to ensue, either negligently or with the intent to disrupt or defeat potential claims.

New Mexico recognizes the tort of intentional spoliation of evidence.  Torres v. El Paso Electric, 1999-NMSC-029, ¶¶ 39-42, 127 N.M. 729, 745, 987 P.2d. 386, 402.[1]  Defendants argue, however, that they are immune from suit for this tort under the New Mexico Tort Claims Act unless the Act contains a waiver of immunity for this tort.  Garcia v. Board of Education, 777 F.2d 1403, 1407 (10th Cir. 1985); Cobos v. Doña Ana County Housing Authority, 1998-NMSC-049, ¶ 6, 126 N.M. 418, 421, 970 P.2d 1143, 1145.  The Act waives immunity for eight enumerated classes of activity, none of which applies to the tort of spoliation of evidence by school administrators or elected officials.  *See* N.M. Stat. Ann. 1978 §§ 41-4-4(A); 41-4-5

---

[1] New Mexico does not, however, recognize the tort of negligent spoliation.  Torres, ¶ 42, 127 N.M. at 746, 987 P.2d at 403.

through -12 (Repl. Pam. 1996). Plaintiffs have not responded to this argument in that they failed to file a reply brief. I agree that sovereign immunity is not waived for the tort of intentional spoliation of evidence by school administrators or elected officials, and conclude that the amendment would be futile.

*Claim for Injunctive Relief.* Plaintiffs seek injunctive relief to modify Tucumcari Municipal School policies and handbooks, to modify the Board's policies, to require Mr. Dominguez to surrender his teaching license, and to require Defendants to notify potential employers of Mr. Dominguez' abuse of his students. Prop. 2nd Am. Compl. ¶ 75 at 12-13. The claim for injunctive relief is designed to "help ensure Mr. Dominguez never again teaches young children and to protect Tucumcari children from future problems." Pl. Mem. in Supp. at 5.

The deadline to amend pleadings was April 18, 2001. Plaintiffs attempt to show their amendment is timely as to the claim for injunctive relief because they learned "new evidence" at Defendant Dominguez's deposition that he continues to teach in elementary schools. However, Plaintiffs alleged in their original Complaint and in their First Amended Complaint that Mr. Dominguez was still teaching in New Mexico. Compl. ¶ 38; 1st Am. Compl. ¶ 35. I conclude that the amendment is untimely.

Additionally, the claim for injunctive relief is moot. Plaintiffs are no longer students in the elementary school they attended when they were allegedly abused by Mr. Dominguez; they are now in high school. In Bauchman v. West High School, 132 F.3d 542, 548 (10th Cir. 1997), the Tenth Circuit rejected as moot a claim for injunctive relief against a high school that allegedly violated the establishment clause of the First Amendment, where the plaintiff had already graduated from the school. *See, also,* Fischbach v. New Mexico Activities Ass'n, 38 F.3d 1159,

3

1160 (10th Cir. 1994) (appeal by NMAA moot because plaintiff graduated from high school and no longer eligible to participate in interscholastic sports).  Therefore, the amendment adding a claim for injunctive relief would be futile.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Complaint (Doc. No. 87) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

For Plaintiffs:  M. Clea Gutterson, CIVEROLO, GRALOW & HILL, Albuquerque, N.M.

Counsel for all Defendants except Dominguez:  Jerry A. Walz, WALZ & ASSOC., Albuquerque, N.M.

Counsel for Defendant Dominguez:  Kevin M. Brown, BROWN & GERMAN, Albuquerque, N.M.