# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SH.A, as Parent and Next Friend of J.A.,
a minor child, and S.A., as Parent
and Next Friend of R.A., a minor child,

        Plaintiffs,

vs.                                                            No. CV 00-727 JP/DJS-ACE

TUCUMCARI MUNICIPAL SCHOOLS,
THE BOARD OF EDUCATION OF THE
TUCUMCARI MUNICIPAL SCHOOLS,
FELIX R. JIMENEZ, Superintendent of
The Board of Education of the Tucumcari
Municipal Schools, EDWARD ENCINIAS,
KELLY McFARLAND, JOAN DENTON,
REX KIRKSEY and MARCELLO VALVERDE,
in their capacity as members of the Board of
Education of the Tucumcari Municipal Schools,
ERNEST F. DOMINGUEZ, and ALLIE PELAYO,
Individually and as Principal of Granger Elementary
School,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On June 1, 2001 Defendant Ernest F. Dominguez filed a Motion for Summary Judgment (Doc. No. 76). I have carefully considered the pleadings, evidence of record, arguments of counsel, and applicable case law. The motion will be GRANTED IN PART. The Court reserves ruling on one aspect of the motion pending further briefing.

Plaintiffs' Complaint alleges common law and civil rights violations arising out of the alleged sexual molestation of two male students, J.A. and R.A., at Granger Elementary School in

the Tucumcari Municipal School system, by a teacher, Ernest F. Dominguez. Defendants include Dominguez, the Tucumcari Municipal Schools and its Board of Education, two school administrators, and the Board members. The claims against Defendant Dominguez are contained in Count I (tort of battery), Count II (tort of negligent or intentional infliction of emotional distress), and Count V (deprivation of due process and equal protection).

Defendant Dominguez' summary judgment arguments are based on immunity from the state tort claims in Counts I and II, and on qualified immunity for the constitutional claims.

**Summary Judgment Standards.** Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. Id.

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *See* Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Id. at 671. The court draws all reasonable inferences in favor of the nonmoving party. *See* Ortiz v. Norton, 254 F.3d 889, 893 (10th Cir. 2001); Curtis v. Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998).

**Factual allegations that have support in the record.** I have reviewed all the facts presented in connection with the summary judgment motion. These consist of portions of the

2

depositions of both students and of Defendant Dominguez, as well as interrogatory answers by one of the students, R.A. The essential facts are disputed, and are viewed in a light most favorable to Plaintiffs.

J.A. was a student in Mr. Dominguez' fifth grade language arts class at Granger Elementary School towards the end of the 1996-97 school year. Mr. Dominguez began as a substitute teacher and then became a full-time teacher, taking over for a teacher who was retiring. J.A. also had after-school math tutoring by Mr. Dominguez in the Spring of 1998 for which J.A. would come to Granger Elementary School from the Tucumcari Middle School across the street. Mr. Dominguez (1) rubbed J.A.'s back and chest, sometimes going halfway down the inside of his shirt from the neck, to the middle of his back, (2) touched J.A. in the middle of his chest, rubbing in a circular motion, (3) touched J.A. under his shorts going up from his knee to about "mid-thigh," Depo. of J.A. at 26, which was clarified later to mean "almost to the point of where his leg meets his body." Depo. of J.A. at 55-56. J.A. states that the touching in the sixth grade was the same, just more often, and that Mr. Dominguez was a "little too nice." Depo. of J.A. at 15, 31.

R.A. was not in Mr. Dominguez' fifth grade class -- he only had Mr. Dominguez as an after-school tutor for math in the Spring of 1998 when R.A. was in the sixth grade at the middle school. Mr. Dominguez (1) touched and rubbed R.A.'s back, neck and chest area under his shirt, (2) put his hand on R.A.'s thigh, (3) invited R.A. to his house for one-on-one tutoring during the summer and said R.A. would have his own room there, (4) put his hand on R.A.'s back and his left hand on R.A.'s knee and began rubbing R.A.'s back, (5) stuck his hand down the front of R.A.'s shirt and moved his hands up and down and in a circular motion, (6) touched R.A. underneath his shorts, above his knee. The touching of R.A. occurred almost every time he went

to tutoring.

Mr. Dominguez is not accused by either R.A. or J.A. of fondling the nipples, touching the buttocks, or touching the genitals. He is not accused of saying anything to the children when he allegedly touched them, or of threatening them or warning them not to tell anyone about the alleged touching. The alleged touching always occurred in the classroom with other children present.

**State Tort Claims.** Count I of Plaintiffs' First Amended Complaint is for the tort of battery. Count II is for the tort of negligent or intentional infliction of emotional distress. Plaintiffs allege that Defendant Dominguez' conduct occurred during the course and scope of his employment as a schoolteacher. 1st Am. Compl. ¶¶ 14, 45, 48. Public employees acting within the scope of their duties, however, are protected by the state's immunity unless immunity is waived by the New Mexico Tort Claims Act.

Plaintiffs agree that if Defendant Dominguez was acting within the scope of his duties when he allegedly abused the Plaintiffs, he is immune from the claims of battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. They argue only that the immunity of the Tort Claims Act will be inapplicable and the tort claims viable if it is ultimately determined that Defendant Dominguez acted outside the scope of his duties.

Under the New Mexico Tort Claims Act scope of duty means "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. 1978, § 41-4-3(G) (Repl. Pam. 1996). The concept of scope of duty under the New Mexico Tort Claims Act is broader than the common law concept of scope of employment. Risk Management Div. v. McBrayer, 129

N.M. 778, 785, 14 P.3d 43, 50 (Ct. App.), *cert. denied,* 130 N.M. 17, 16 P.3d 442 (2000). Even criminal acts can be within the scope of duty of a public employee if the acts were done while the employee was performing a duty that he was requested, required or authorized to perform by the governmental entity. Id. at 783-84, 14 P.3d at 48-49.

Defendant Dominguez has come forward with facts that indicate he was acting within the scope of his duties as a teacher or tutor at Granger Elementary School at all times when he is alleged to have touched Plaintiffs inappropriately. Plaintiffs have neither argued nor presented any evidence to support a finding that Defendant Dominguez acted outside the scope of his duties. Thus, Defendant Dominguez is entitled to summary judgment on the tort claims asserted against him in Counts I and II.

**Constitutional Claims.** In Count V, Plaintiffs allege violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution in that "Defendants were deliberately and callously indifferent to the rights of Plaintiffs . . ." in connection with the allegations of molestation and abuse by Defendant Dominguez. 1st Am. Compl. ¶ 57. Plaintiffs also allege a policy and custom of inadequate training, supervision and discipline of teachers who abuse and harass students. Id., ¶ 58.

Defendant Dominguez' first argument is that Plaintiffs fail to state a claim against him in Count V because the allegations are aimed at the school district and its administrators rather than at him. Because it is clear from their Response that Plaintiffs intended to state a claim against Defendant Dominguez in Count V, I will construe Count V broadly to include constitutional claims against him.

The main thrust of Defendant Dominguez' attack on Count V as it applies to him is that the evidence to support the allegations fails to reach the level of a constitutional tort, and that he is otherwise entitled to qualified immunity on these claims. When the defense of qualified immunity is raised, the Court engages a two-step process. First, it examines whether the plaintiff has presented sufficient facts to show that the defendant's actions violated a federal constitutional or statutory right. Lybrook v. Farmington Municip. Schools Bd. of Educ., 232 F.3d 1334, 1337 (10th Cir. 2000); Baptiste v. J.C. Penney Co., Inc., 147 F.3d 1252, 1255 (10th Cir. 1998). Only if the plaintiff has satisfied this step does the Court go on to ask whether the right was clearly established at the time of the defendant's actions. Id.

**The Due Process claim.** The Tenth Circuit has recognized that "[s]exual assault or molestation by a school teacher violates a student's substantive due process rights." Abeyta v. Chama Valley Indep. Sch. Dist., 77 F.3d 1253, 1255 (10th Cir. 1996). "A teacher's sexual molestation of a student is an intrusion of the student's bodily integrity." Abeyta, 77 F.3d at 1255; Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 727 (3d Cir. 1989).

Abeyta involved evidence that a sixth grade teacher verbally and emotionally harassed a 12-year-old female student who had written a note to a boy in the class. The teacher read the note aloud to the entire class, called the plaintiff a prostitute in front of the class, and continued calling her that for over a month. He also encouraged students to taunt her in class, and failed to stop other students from doing so at recess and during lunchtime. The harassed student eventually left the school. The Tenth Circuit reversed the district court's denial of summary judgment to the teacher based on qualified immunity. The court noted that although the alleged facts might be enough to support a statutory claim for hostile environment sexual harassment

6

under Title VII if done in an employment context, more was required to state a claim for a constitutional violation of substantive due process. Id. at 1256. The court held that in a case involving only psychological abuse, the wrongful acts alleged must reach a "high level of 'a brutal and inhumane abuse of official power literally shocking to the conscience,'" Abeyta, 77 F.3d at 1257-58 (*quoting* Hall v. Tawney, 621 F.2d 607, 613 (4th Cir. 1980)). *See also* Morse v. Regents of the Univ. of Colorado, 154 F.3d 1124, 1127-29 (10th Cir. 1998) (sexual harassment of ROTC student resulting in hostile educational environment may state statutory Title IX claim against university, but not constitutional due process claim); Morris v. Dearborne, 181 F.3d 657, 666 (5th Cir. 1999) (allegations that teacher held 4-year-old girl on her lap while typing sexually explicit and graphically violent phrases on a computer did not state a constitutional violation of substantive due process).

Another instructive case from the Tenth Circuit involving physical (although not sexual) abuse in a school setting is Garcia v. Miera, 817 F.2d 650 (10th Cir. 1987). There, a nine-year-old female third grade student received two brutal beatings with a split wooden paddle administered by the school principal. The beatings were severe enough to be reported as child abuse by the examining physician and nurse. In reversing the district court's grant of qualified immunity for the school officials, the court held that "at some point, excessive corporal punishment violates the pupil's substantive due process rights." Id. at 653. The substantive due process standard applicable in a corporal punishment case is that the school official's conduct must be shocking to the conscience, brutal, or offensive to human dignity. Id. at 655. *See* Rochin v. California, 342 U.S. 165, 172 (1952) (conduct of police "shocks the conscience").

7

The facts in the school sexual abuse cases in which a substantive due process violation has been sustained are remarkably more egregious than the facts of this case. Stoneking, for example, involved allegations of physical force, threats of reprisal, intimidation and coercion by a school band director to sexually abuse and harass a high school student and to force her to engage in various sexual acts. 882 F.2d at 722. The band director was prosecuted for various sex-related crimes in connection with the case, to which he pled guilty. Id. Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443 (5th Cir. 1994) involved blatant sexual seduction of a 15-year-old female student by a teacher that began with kissing, petting, and undressing, was accompanied by love letters, and eventually progressed to repeated acts of sexual intercourse amounting to statutory rape. In Doe v. Paukstat, 863 F. Supp. 884 (E.D. Wis. 1994), a teacher allegedly sexually molested a 12-year-old female student by rubbing her breast during class, massaging her breasts after school, and placing her hands on the crotch of his pants. This progressed eventually to sexual intercourse that occurred several times, both at the school and elsewhere.

In Stacy Vigil v. Mesa Vista Consolidated Sch. Dist., et al., No. CV 97-151 BB/JHG (U.S. Dist. Ct., D.N.M. Dec. 18, 1997), a physical education teacher and boys basketball coach began discussing his past sexual relationships with a 17-year-old female student during school hours. The teacher told the student he wanted to have sex with her, invited her to share a room with him during an out-of-town basketball tournament, and persisted in asking for sex despite plaintiff's objections. Later the teacher tried to hug and kiss plaintiff when she was alone with him in his school office, and he continued his sexual advances for several days. During one gym class, the teacher picked plaintiff up and spun her around. The court denied the teacher's motion to dismiss based on qualified immunity, ruling that the allegations were sufficient to state a claim

8

for violation of Plaintiff's substantive due process right to bodily integrity.

I have found no case that upholds a substantive due process claim in a school sexual abuse case on facts as ambiguous as those involved here. Defendant Dominguez' alleged fondling of Plaintiffs was not done secretively but rather in the open classroom with other students present; he did not threaten the children or warn them not to tell anyone; he said nothing and displayed no facial expression to indicate that his actions were done for his own sexual gratification. The fondling did continue for several weeks, even months, but it involved no touching of any body part considered intimately private such as buttocks, nipples, or genitals. There is evidence of some emotional toll on the Plaintiffs, but the qualified immunity analysis looks at the objective actions of the Defendant, not the subjective effect on the Plaintiffs. The actions allegedly engaged in by Defendant Dominguez, while they may have been inappropriate for a teacher and unwanted by the students, were not overtly sexual. These actions may constitute battery, and may even have had sexual motivations. But they were not brutal, they do not shock the conscience, and they do not amount to inhuman conduct or conduct offensive to human dignity. The facts of this case do not support a constitutional violation of substantive due process, and Defendant Dominguez is entitled to qualified immunity on the due process claim.

**The Equal Protection Claim.** Notwithstanding my conclusion that the conduct alleged does not reach constitutional proportions under the principles of substantive due process, I must examine whether the same conduct may state a constitutional claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

There are numerous Tenth Circuit cases starting with Starret v. Wadley, 876 F.2d 808 (10th Cir. 1989) that hold that sexual harassment is actionable under § 1983 as a violation of the

9

Equal Protection Clause when committed by a state actor who used his government position to exert authority over the plaintiff. *See* Johnson v. Martin, 195 F.3d 1208, 1217-18 (10th Cir. 1999); Whitney v. State of New Mexico, 113 F.3d 1170, 1174-75 (10th Cir. 1997); Noland v. McAdoo, 39 F.3d 269, 271 (10th Cir. 1994); Woodward v. City of Worland, 977 F.2d 1392,1397-99 (10th Cir. 1992). This principle has been upheld in the public school context. Murrell v. School Dist. No. 1, Denver, Colorado, 186 F.3d 1238, 1249-51 (10th Cir. 1999). None of these cases discusses the standard of conduct that gives rise to an equal protection claim as opposed to a substantive due process claim.

Plaintiffs have alleged and presented evidence that only the boys in Defendant Dominguez' classes were subjected to the inappropriate touching. They have raised a genuine issue of material fact as to whether the touching was sexual in nature. Just because the touching was not so obviously sexual or so egregious as to shock the conscience does not mean it was necessarily benign or not sexually motivated. Put another way, a jury could conclude that the touching was unwanted, and that it was intended to gratify Defendant Dominguez' sexual desires. As the Plaintiffs' teacher, Defendant Dominguez was exercising state authority over the students while they were in class and attending tutoring. If the conduct amounted to sexual harassment or abuse of the students, then Plaintiffs may be entitled to recover on an equal protection theory.

Briefing on this issue by the parties is cursory at best. Defendant Dominguez argues without citation to legal authority that "what is good for the due-process goose, is good for the equal protection gander." Reply at 10. He implies, again without citation, that the "conscience shocking" standard that applies to a substantive due process claim also applies to an equal protection claim, and argues that "without a violation of clearly established constitutional law,

10

there cannot be a denial of the equal protection of it." Reply at 11. While I am inclined to rule that Defendant Dominguez is not entitled to qualified immunity on the equal protection claim, I am reluctant to do so without further briefing. The parties may file supplemental briefs on this issue as follows: Defendant Dominguez' brief should be filed by October 26, 2001; the response and reply briefs should be filed according to the rules of this Court.

IT IS THEREFORE ORDERED that Defendant Ernest F. Dominguez's Motion for Summary Judgment (Doc. No. 76) is hereby GRANTED as to Counts I and II.

IT IS FURTHER ORDERED that Defendant Ernest F. Dominguez's Motion for Summary Judgment (Doc. No. 76) is hereby GRANTED as to the substantive due process claim alleged in Count V.

The Court reserves ruling on the equal protection claim against Defendant Dominguez alleged in Count V pending review of supplemental briefs on this claim.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs: M. Clea Gutterson, CIVEROLO, GRALOW & HILL, Albuquerque, N.M.

Counsel for all Defendants except Dominguez: Jerry A. Walz, WALZ & ASSOC., Albuquerque, N.M.

Counsel for Defendant Dominguez: Kevin M. Brown, BROWN & GERMAN, Albuquerque, N.M.