# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SH.A, as Parent and Next Friend of J.A.,
a minor child, and S.A., as Parent
and Next Friend of R.A., a minor child,

    Plaintiffs,

vs.                  No. CV 00-727 JP/DJS-ACE

TUCUMCARI MUNICIPAL SCHOOLS,
THE BOARD OF EDUCATION OF THE
TUCUMCARI MUNICIPAL SCHOOLS,
FELIX R. JIMENEZ, Superintendent of
The Board of Education of the Tucumcari
Municipal Schools, EDWARD ENCINIAS,
KELLY McFARLAND, JOAN DENTON,
REX KIRKSEY and MARCELLO VALVERDE,
in their capacity as members of the Board of
Education of the Tucumcari Municipal Schools,
ERNEST F. DOMINGUEZ, and ALLIE PELAYO,
Individually and as Principal of Granger Elementary
School,

    Defendants.

## MEMORANDUM OPINION AND ORDER

  On June 1, 2001 Defendant Ernest F. Dominguez filed a Motion for Summary Judgment (Doc. No. 76). On October 17, 2001 I granted that motion in part, and reserved ruling on one aspect of the motion, i.e., the equal protection claim, pending further briefing. That briefing is now complete. I have carefully considered the pleadings, evidence of record, arguments of counsel, and applicable case law. The remainder of the motion will be DENIED on the equal protection claim.

Plaintiffs' Complaint alleges common law and civil rights violations arising out of the alleged sexual molestation of two male students, J.A. and R.A., at Granger Elementary School in the Tucumcari Municipal School system, by a teacher, Ernest F. Dominguez. Defendants include Dominguez, the Tucumcari Municipal Schools and its Board of Education, two school administrators, and the Board members. All federal and state claims against Defendant Dominguez have been dismissed, except for the equal protection claim contained in Count V.

Defendant Dominguez argues that he is entitled to qualified immunity on the equal protection claim. When the defense of qualified immunity is raised, the Court engages a two-step process. First, it examines whether the plaintiff has presented sufficient facts to show that the defendant's actions violated a federal constitutional or statutory right. Lybrook v. Farmington Municipal Schools Bd. of Educ., 232 F.3d 1334, 1337 (10th Cir. 2000). If the plaintiff has satisfied this step, the Court asks whether the right was clearly established at the time of the defendant's actions. Id. As in any summary judgment motion, the court draws all reasonable inferences in favor of the nonmoving party. *See* Ortiz v. Norton, 254 F.3d 889, 893 (10th Cir. 2001); Curtis v. Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998).

In this case, the two-step process is actually reversed. I have already determined that the right of school children to be free from sexual harassment by their teachers was firmly established in this circuit at the time of the alleged violations, and that a violation of that right can be redressed through the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution under 42 U.S.C. § 1983. My concern was whether the severity of the conduct alleged rises to the level of a constitutional violation of equal protection.

As I noted in my previous memorandum opinion, in the Tenth Circuit sexual harassment is

2

actionable under 42 U.S.C. § 1983 as a violation of the Equal Protection Clause of the Fourteenth Amendment when committed by a state actor who used his government position to exert authority over the plaintiff. *See, e.g.,* Johnson v. Martin, 195 F.3d 1208, 1217-18 (10th Cir. 1999) (applicants for city permits suing city officials); Murrell v. School Dist. No. 1, Denver, Colorado, 186 F.3d 1238, 1250-51 (10th Cir. 1999) (parent of public school student suing school officials); Whitney v. State of New Mexico, 113 F.3d 1170, 1174-75 (10th Cir. 1997) (applicant for day care license suing state official); Noland v. McAdoo, 39 F.3d 269, 271-72 (10th Cir. 1994) (employee suing public employer); Woodward v. City of Worland, 977 F.2d 1392, 1401 (10th Cir. 1992) (employees suing public employers); Starrett v. Wadley, 876 F.2d 808, 818 (10th Cir. 1989) (employee suing public employer). The state action requirement is met by virtue of Defendant Dominguez' status as a public school teacher, and is not contested. He is alleged to have used his government position as a teacher to exert authority over the plaintiffs, who were his students.

The question I raised in my previous memorandum opinion is whether Defendant Dominguez's alleged conduct amounted to sexual harassment or abuse of the plaintiffs. In other words, what severity of conduct is necessary to support an equal protection claim based on allegations of sexual harassment of a student by a teacher?

From my review of the jurisprudence of sexual harassment and equal protection, I conclude that the "conscience shocking" standard that applies to a substantive due process claim does not apply to the equal protection claim. Equal protection encompasses the right to be free from gender discrimination that does not serve important governmental objectives. Davis v. Passman, 442 U.S. 228, 234-35 (1979). Virtually every circuit, including the Tenth Circuit, has

determined that sexual harassment constitutes sex discrimination in violation of the equal protection clause and is actionable under § 1983. *See* Starrett v. Wadley, 876 F.2d at 814. In Johnson v. Martin, the Tenth Circuit examined various sexual acts alleged by the plaintiffs against an individual defendant, and concluded that an official's abuse of authority for purposes of his own sexual gratification would violate the Equal Protection Clause. 195 F.3d at 1217-18. Similarly, a teacher's abuse of his authority over his male students by touching them for purposes of his own sexual gratification may violate the student's equal protection rights.

In the employment context, the standard of conduct that will support an equal protection claim based on sexual harassment is less strict than that required for a substantive due process claim. Sexual harassment in employment must be "sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986) (internal quotations omitted). It must deny the plaintiff the right to participate in the work place on equal footing with others similarly situated. King v. Bd. of Regents of Univ. of Wisconsin Sys., 898 F.2d 533, 537 (7th Cir. 1990). Although a single act of sufficient intensity can be enough to sustain a sexual harassment claim, repeated incidents create a stronger claim of hostile environment. Id.; *see* Starrett v. Wadley, 876 F.2d at 814-15 (conduct involving requests to meet after work at motel, touching employee's buttocks and leg, and obscene gestures during working hours violates equal protection).

The standard of conduct for actionable student-on-student sexual harassment under Title IX has been described as "severe, pervasive, and objectively offensive," Murrell, 186 F.3d at 1248 (quoting Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 651 (1999)). In Murrell, the alleged conduct that met the standard was that a male student "repeatedly took [the female

4

student -- who was developmentally and physically disabled] to a secluded area and battered, undressed, and sexually assaulted her" over the course of about a month. Id. at 1248.

In the case of teacher-on-student sexual harassment, the severity, pervasiveness, and offensiveness of the conduct need not be as great to sustain an equal protection claim, because more appropriate behavior is expected of students' teachers than of their young peers. *See* Davis v. Monroe County Bd. of Educ., 526 U.S. at 651 (adopting factors such as ages of harasser and victim, and number of individuals involved, in determining whether gender-oriented conduct rises to level of actionable harassment, and recognizing that students may regularly engage in "dizzying array of immature . . . behaviors" in manner unacceptable among adults). On the other hand, adopting too low a standard of conduct for teacher-on-student sexual harassment might have unwanted results as well. While our society does not permit a teacher to touch students for the teacher's sexual gratification, society would not benefit from a rule that would put at risk of litigation all teachers who touch their students in non-sexual ways.

Intent, or purposeful discrimination, is an element of an equal protection claim under § 1983. Batson v. Kentucky, 476 U.S. 79, 93 (1986); Welch v. City of Tulsa, Oklahoma, 977 F.2d 1415, 1419 (10th Cir. 1992). The intent element of an equal protection claim distinguishes it from a statutory discrimination claim under Title VII, in which intent need not be proven. King v. Bd. of Regents of Univ. of Wisconsin Sys., 898 F.2d at 537 (recognizing that equal protection claim generally follows contours of Title VII claims, except that "defendant must intend to harass under equal protection . . . but not under Title VII"); Bohen v. City of East Chicago, Indiana, 799 F.2d 1180, 1187 (7th Cir. 1986) (same). This, I suspect, explains why the conduct that will support an equal protection claim can be less shocking than that required to support a substantive

due process claim. *See, e.g.,* Blalock v. Dale County Bd. of Educ., 84 F. Supp. 2d 1291, 1316 (M.D. Ala. 1999) ("Therefore, no reasonable person in [defendant's] position could have concluded . . . that the [conduct defendant] allegedly engaged in, *to the extent it was intentionally directed to Plaintiff because of her sex,* was constitutionally permissible under the Equal Protection Clause.") (emphasis added).

Emphasizing this important aspect of an equal protection claim, Defendant Dominguez asserts that there is no evidence that the touching alleged by Plaintiffs was sexually motivated. Although I could not consider evidence of Dominguez' alleged touching of other students who are not plaintiffs in this case in connection with the due process claim, I may consider it in regard to the equal protection claim on the element of intent. *See* Fed. R. Evid. 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ..

The evidence that tends to show that Defendant Dominguez' fondling the plaintiffs was sexually motivated are allegations that he touched other boys in the classes in similar but more egregiously offensive and more sexually explicit ways. For example, some of the non-plaintiff boys allegedly were touched outside their clothes on the penis and on the buttocks, and down inside their pants. *See* Hicks v. Gates Rubber Co., 833 F.2d 1406, 1415-16 (10th Cir. 1987) (holding incidents of sexual harassment directed at employees other than plaintiff can be used as proof of sexual harassment based on hostile work environment).[1]

---

[1] This evidence may also be admissible under Fed. R. Evid. 415, which provides:
In a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation, evidence of that party's commission of another offense or

In The GEHL Group v. Koby, 63 F.3d 1528, 1535 (10th Cir. 1995), *implicitly overruled on other grounds by* Crawford-El v. Britton, 523 U.S. 574 (1998), the Tenth Circuit held that when state of mind or motive is an essential element of the cause of action, a defendant asserting qualified immunity must make a *prima facie* showing that his conduct was objectively reasonable, after which plaintiff must come forward with evidence of improper motive or state of mind. Defendant Dominguez argues that his alleged touching of the Plaintiffs was "non-sexual" and implies that his conduct was objectively reasonable. I described the alleged conduct as "ambiguous" and "not overtly sexual," but I also said the conduct "may have been inappropriate for a teacher and unwanted by the students," that it "may constitute battery, and may even have had sexual motivations." Mem. Op. Oct. 17, 2001 at 9. My conclusion that his conduct was not "conscious-shocking" under the substantive due process standard hardly equates with objective reasonableness. Indeed, the type of touching alleged by Plaintiffs seems inappropriate and objectively suspicious, possibly amounting to homosexual pedophilia, even when considered alone and without the allegations of more egregious conduct towards some of the non-plaintiff students. It cannot fairly be described as non-sexual.

Defendant Dominguez has failed to make a *prima facie* showing that his conduct was objectively reasonable. He has only established that his conduct towards the two Plaintiffs does not shock the conscience. Additionally, Plaintiffs have come forward with evidence that tends to show that Defendant Dominguez's conduct was an abuse of his authority with the motive of his own sexual gratification. Therefore, given the need for the Court to indulge reasonable inferences

---

offenses of sexual assault or child molestation is admissible and may be considered as provided in Rule 413 and Rule 414 of these rules.
Admissibility under Rule 415 will be determined at a later time.

in favor of the Plaintiffs in a motion for summary judgment, I conclude that Defendant Dominguez is not entitled to qualified immunity on the equal protection claim.

IT IS THEREFORE ORDERED that Defendant Ernest F. Dominguez's Motion for Summary Judgment (Doc. No. 76) is hereby DENIED as to the equal protection claim against Defendant Dominguez alleged in Count V.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:  M. Clea Gutterson, CIVEROLO, GRALOW & HILL, Albuquerque, N.M.

Counsel for all Defendants except Dominguez:  Jerry A. Walz, WALZ & ASSOC., Albuquerque, N.M.

Counsel for Defendant Dominguez:  Kevin M. Brown, BROWN & GERMAN, Albuquerque, N.M.